UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62276-SMITH/VALLE

MITCHE A. DALBERISTE,

    Plaintiff,

v.

GLE ASSOCIATES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's Motion for Attorney Fees (ECF No. 77). U.S. District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 79); *see also* 28 U.S.C. § 636(c).

After due consideration of the record, the Motion, Plaintiff's response (ECF No. 81), Defendant's reply (ECF No. 84), and being otherwise fully advised in the matter, the undersigned respectfully recommends that Defendant's Motion for Attorney Fees be **DENIED** for the reasons set forth below.

### I.    BACKGROUND

Plaintiff Mitche Dalberiste brought this lawsuit against Defendant GLE Associates, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, as amended ("Title VII") and the Florida Civil Rights Act of 1992, § 760.01, Fla. Stat. *et seq*, for failure to accommodate religious practices, religious discrimination, and retaliation.[1] *See*

---

[1] As the District Court correctly noted, "[d]ecisions construing Title VII guide the analysis under the FCRA [Florida Civil Rights Act], which was patterned after Title VII . . . Therefore, the Court's analysis of Plaintiff's Title VII claims is equally applicable to Plaintiff's FCRA claims." (ECF

*generally* (ECF No. 1). Specifically, Plaintiff alleged that Defendant failed to accommodate his request not to work during his Sabbath and rescinded an offer of employment in retaliation for Plaintiff's request for religious accommodation. *Id.* ¶¶ 32-36, 48-53.

On July 31, 2019, Defendant filed a motion for summary judgment, which the District Court granted. (ECF Nos. 29, 69). As the prevailing party in the litigation, Defendant now seeks a partial award of attorneys' fees incurred after June 19, 2019. *See generally* (ECF No. 77).

## II.     LEGAL STANDARD

Under the "American Rule," litigants are not entitled to an award of attorneys' fees for prevailing in litigation "unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez,* 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract). Here, however, Title VII permits the discretionary award of reasonable attorneys' fees to prevailing parties in litigation. 42 U.S.C. § 2000e-5(k); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 421-22 (1978). Plaintiff does not dispute that Defendant is the prevailing party by virtue of the District Court's grant of summary judgment. *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461, 2014 WL 6968073, at *3 (S.D. Fla. Dec. 9, 2014) (citation omitted) (defendant became prevailing party after motion to dismiss was granted).

While a prevailing plaintiff is "virtually always" entitled to attorneys' fees, a stricter standard is applied to prevailing defendants. *S. Waste Sys., LLC v. City of Coral Springs, Fl.*,

---

No. 69 at 8); *see also* Fla. Stat. § 760.11(5) ("It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law."); (ECF No. 77 at 1 n.1). Accordingly, Defendant's Motion addresses only federal law, and the undersigned follows suit.

No. 06-61448-CIV, 2010 WL 115005480, at *3 (S.D. Fla. Nov. 1, 2010). Accordingly, a court may award attorneys' fees to a prevailing defendant in a Title VII action only upon a finding that the action was "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1558 (11th Cir. 1995) (quoting *Christiansburg Garment*, 434 U.S. at 421). This standard, however, has been described as "stringent," and "the Supreme Court has cautioned that in applying these criteria, the district court should resist the temptation to conclude that because a plaintiff did not ultimately prevail, the action must have been unreasonable or without foundation." *Walker,* 53 F.3d at 1558.

Accordingly, "in determining whether a prevailing defendant is entitled to attorney's fees under Title VII, the district court must focus on . . . whether the case is seriously lacking in arguable merit." *Id.* (citing *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)) (footnote omitted). "[F]or a plaintiff's claims '[t]o be deemed 'meritless' for purposes of assessing a prevailing defendant's attorneys' fees, it is not enough that the plaintiff had ultimately lost his case." *Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894, 2021 WL 612321, at *2 (S.D. Fla. Feb. 17, 2021) (quoting *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999). Further, the Eleventh Circuit has put forth a three-part case-specific test to determine whether a case is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Bruce*, 177 F.3d at 951 (quoting *Sullivan,* 773 F.2d at 1189). Importantly, these factors are "'general guidelines only and not hard and fast rules.'" *Quality of Life, Corp.*, 2021 WL 612321, at *2 (quoting *Sullivan*, 773 F.2d at 1189). Rather, no single factor is dispositive. *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017). Indeed, "[e]ven if all the factors point toward awarding fees, the court must still consider the case

3

as a whole and determine whether the claim was 'entirely without foundation.'" *Id.* (quoting *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1182 (11th Cir. 2005)).  "[I]n determining whether a claim is frivolous, a court must 'view the evidence in the light most favorable to the *non*-prevailing plaintiff.'" *Quality of Life, Corp.*, 2021 WL 612321, at *2 (emphasis in original).

### III.    ANALYSIS

Defendant offers eight arguments on why the factors in *Bruce* and *Sullivan* weigh in favor of a fee award: (i) the case was resolved by summary judgment in Defendant's favor; (ii) Defendant did not offer to settle; (iii) Plaintiff did not prove his prima facie case on two of his claims; (iv) Plaintiff should have known following certain depositions that his assumptions underlying the Complaint were incorrect; (v) Plaintiff's actions leading up to the instant case harmed Defendant; (vi) Plaintiff admitted having no confidence in the merits of the case; (vii) Plaintiff is attempting to legislate through litigation; and (viii) Plaintiff has threatened to appeal.  (ECF No. 77 at 4-11). As discussed below, notwithstanding Defendant's arguments, the undersigned concludes that the balance of factors weighs against an award of fees.

*(i)    Summary Judgment in Defendant's Favor*

Defendant argues that fees are appropriate, in part, because the District Court granted summary judgment in its favor.  (ECF No. 77 at 4).  Generally, although dismissal of a case prior to trial may weigh in favor of a fee award, *Sullivan,* 773 F.2d at 1189, a dismissal before trial is not determinative of whether a claim was frivolous or without foundation so that fees should be awarded.  Rather, "a claim is not frivolous when it is 'meritorious enough to receive careful attention and review.'"  *Hamilton*, 700 F. App'x at 885-86 (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)).  Thus, the undersigned has reviewed the District Court's Summary Judgment Order (the "Order") to determine whether Plaintiff's case received such attention and

review. Here, the Order reflects the District Court's thorough analysis of Plaintiff's claims, giving them significant consideration prior to their dismissal. *See generally* (ECF No. 69). For example, the District Court carefully discussed the burden that accommodating Plaintiff would place on Defendant, as well as the logistical and financial hardships Plaintiff's suggested accommodations would entail. *Id*. at 9-17. Although ultimately ruling in Defendant's favor, the Order reflects the District Court's thoughtful analysis of Plaintiff's claims. Notably, nothing in the Order even remotely suggests that the District Court found the allegations to be "frivolous, unreasonable, or without foundation." *Walker*, 53 F.3d at 1558. Accordingly, this factor is neutral.

      *(ii)    Settlement Offer*

Defendant next argues that it did not make a settlement offer, a factor which weighs in its favor. (ECF No. 77 at 4). Plaintiff counters that Defendant did, in fact, make a settlement offer, albeit a small one.[2] Defendant's offer was made during court-ordered mediation.[3] *See* (ECF No. 14) (scheduling order requiring mediation); (ECF Nos. 17, 22, 26) (orders setting mediation); (ECF No. 81 at 4). Thereafter, Defendant made a counteroffer in response to a settlement proposal from Plaintiff. (ECF No. 81 at 4). Given these circumstances, the undersigned finds this factor likewise neutral.

---

[2] Defendant offered $6,000 at mediation and then again later as a counteroffer to Plaintiff's settlement offer prior to summary judgment. The undersigned does not view this offer as a "nuisance settlement offer." *See Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (identifying a nuisance settlement as one "made solely in an effort to avoid the expense of litigation").

[3] There is no authority that would preclude the court from considering that a settlement offer was made during mediation. *Quality of Life, Corp.,* 2021 WL 612321, at *3 (citing *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005)).

5

### *(iii)   Plaintiff's Prima Facie Case*

Next, Defendant argues that Plaintiff did not establish a prima facie case on two of his three claims. (ECF No. 77 at 5-6). Plaintiff responds, correctly, that the District Court explicitly found that Plaintiff had established a prima facie case on the failure to accommodate claim, (ECF No. 69 at 9), and assumed for the purposes of summary judgment that Plaintiff likewise established a prima facie case on the discrimination and retaliation claims, *id.* at 18. For example, in finding that Defendant was entitled to summary judgment on its religious accommodation, discrimination, and retaliation claims, the District Court explained:

> All three claims turn on [Defendant's] alleged failure to accommodate Plaintiff's religious beliefs. The uncontroverted facts in the record are enough to foreclose any genuine issue of material fact on all claims. Furthermore, even if the Court were to independently analyze the discrimination and retaliation claims, it would similarly conclude that the claims must fail because Plaintiff cannot show that [Defendant's] reason for not hiring him was a pretext for religious discrimination.

*Id*. at 17.

Implicit in this conclusion is a finding that Plaintiff established a prima facie case on all three claims. Moreover, this approach is not unusual. In fact, courts often engage in a collective analysis of discrimination and retaliation claims when both are based on a reasonable accommodation claim. *See, e.g., Jean-Pierre v. Naples Cmty. Hosp., Inc.*, No. 2:18-CV-98-FTM-38MRM, 2019 WL 4737587, at *5 (M.D. Fla. Sept. 27, 2019), *aff'd,* 817 F. App'x 822 (11th Cir. 2020). Based on the language of the Order, and given the circumstances of this case—where Plaintiff established a prima facie case on the religious accommodation claim—the undersigned finds that this factor is inapplicable, or at most, neutral.

### (iv) Results of Discovery

Defendant argues that Plaintiff should have dismissed the case once he learned during depositions in June 2019 that the factual assumptions underlying his claims were incorrect.[4] (ECF No. 77 at 6-7). Accordingly, Defendant seeks recovery of all fees incurred after the June 2019 depositions. *Id.* at 1.

Despite the initial facial appeal of Defendant's argument, the undersigned finds that this factor is also neutral. In reaching this conclusion, the undersigned again turns to the District Court's Order on summary judgment. (ECF No. 69). As discussed previously, the Order contains a thorough analysis of Plaintiff's claims and the underlying evidence, including the relevant depositions. In the Order, the District Court considered the disputed facts and the deposition testimony to find that the suggested accommodations would have created an undue hardship on Defendant. (ECF No. 69 at 10). But at no point did the District Court suggest that Plaintiff's claims were without merit or frivolous.

### (v) – (viii) Defendant's Remaining Arguments

Lastly, Defendant argues that Plaintiff's actions leading up to the instant case harmed Defendant, that Plaintiff admitted having no confidence in the merits of the case, that Plaintiff is attempting to legislate through litigation, and that Plaintiff has threatened to appeal. (ECF No. 77 at 4-11). The undersigned will address these arguments below.

Defendant questions Plaintiff's motive for bringing this action. (ECF No. 77 at 8-10). According to Defendant, this case is part of a broader litigation strategy by the Church of Seventh Day Adventists to overturn the Supreme Court's decision in *Trans World Airlines, Inc. v.*

---

[4] During depositions, the witnesses testified that Defendant was a small company, working in a tightly regulated area, and would suffer substantial hardship if forced to accommodate Plaintiff's schedule. (ECF No. 77 at 6).

*Hardison,* 432 U.S. 63 (1977).[5]  Indeed, Plaintiff requested that the Eleventh Circuit issue a summary affirmance of the District Court's Order.  (ECF No. 85 at 7-8).  Plaintiff moved for a Court summary affirmance of the Order so he could file a writ of certiorari before the Supreme Court and directly challenge *Hardison*. *Id.* at 4-5.

"[L]itigants are within their rights to attempt to advance the law or to overturn precedent."  *Benjamin v. City of Atl. City*, No. CIV.A. 12-3471 JBS/A, 2014 WL 2916497, at *2 (D.N.J. June 26, 2014) (declining to award fees in a Title VII action when plaintiff argued that controlling precedent was wrongly decided).  Under these particular circumstances, where Plaintiff met his *prima facie* burden but was nonetheless foreclosed from obtaining relief due to precedent that he seeks to overturn, the undersigned finds that an award of fees to Defendant would contravene public policy in favor of civil rights litigants' pursuit of non-frivolous claims.  *See Garner v. Giarrusso*, 571 F.2d 1330, 1337 (5th Cir. 1978) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974)) (finding that Title VII claims were not foreclosed despite unfavorable decisions relating to the claims in other forums).  That Plaintiff may have known that caselaw was not in his favor should not foreclose his attempts to overturn that caselaw, particularly given recent legal developments that Plaintiff reasonably believes may indicate that the time is ripe for reconsideration.  *See* (ECF No. 81 at 13).  Ultimately, public policy favors private litigation as a means of eradicating employment discrimination, and courts should tread carefully when approving measures that might contravene that policy.

---

[5] In *Trans World Airlines v. Hardison,* the Supreme Court held that an employer is not required under Title VII to make an accommodation for an employee's religious practices if such accommodation would require more than a *de minimis* burden.  432 U.S. 64, 84 (1977).

Defendant also claims it should be awarded fees because Plaintiff's actions leading up to the instant Complaint harmed Defendant. (ECF No. 77 at 7-8). Specifically, Defendant argues that Plaintiff's failure to properly divulge his scheduling unavailability caused Defendant to incur significant and unexpected costs when Plaintiff was unable to work as expected. *Id.* In response, Plaintiff portrays his lack of disclosure as a misunderstanding, in that Plaintiff honestly believed he could work at least part of the weekend, after the Sabbath. (ECF No. 81 at 7-8). In this regard, the undersigned must "view the evidence in the light most favorable to the *non*-prevailing plaintiff." *Quality of Life, Corp.*, 2021 WL 612321, at *2. Thus, the undersigned recommends that fees not be awarded for what could reasonably be seen as Plaintiff's omission based on a misunderstanding.

In sum, "consider[ing] the case as a whole," the undersigned does not find that "the claim was 'entirely without foundation.'" *Hamilton,* 700 F. App'x at 885. Plaintiff established a *prima facie* case for the accommodation claim, which was the foundation for the other two claims. Moreover, the District Court gave Plaintiff's claims careful attention and review. Although Plaintiff's relief was ultimately foreclosed by Supreme Court precedent, Plaintiff believes this precedent was wrongly decided and is attempting to overturn it. Ultimately, the standard for granting prevailing party fees to defendants is a stringent one, and the undersigned resists the temptation to conclude that because Plaintiff did not ultimately prevail, the action must have been unreasonable or without foundation. *Walker,* 53 F.3d at 1558. Thus, taking into consideration the factors in *Bruce* and *Sullivan* and the totality of the circumstances, the undersigned declines to exercise discretion to award prevailing party fees to Defendant.

Because the undersigned finds that fees should not be awarded, the undersigned need not address the reasonableness of Defendant's requested fees or Plaintiff's failure to address specific objections to said fees.

## IV. RECOMMENDATION

Accordingly, for the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Attorney Fees, (ECF No. 77), be **DENIED**.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida on March 5, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record